Slip Op. 07-186

# UNITED STATES COURT OF INTERNATIONAL TRADE

---

|  |  |
|---|---|
| ESSO STANDARD OIL CO. (PR), | : |
| Plaintiff, | : |
| v. | : Before: Jane A. Restani, Chief Judge |
| UNITED STATES, | : Court No. 98-09-02814 |
| Defendant. | : |

OPINION

[Partial summary judgment for plaintiff under 19 U.S.C. § 1520]

Dated:  December 28, 2007

Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP (Curtis W. Knauss, Steven P. Florsheim, Frances P. Hadfield, Robert F. Seely, and Robert B. Silverman) for the plaintiff.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Tara K. Hogan); Richard McManus, Office of Chief Counsel, U.S. Customs & Border Protection, of counsel, for the defendant.

Restani, Chief Judge:  Reference is made to the court's recent opinion in Esso Standard Oil Co. (PR) v. United States, Slip Op. 07-171, 2007 WL 4125999 (CIT Nov. 20, 2007).  The parties have consulted on the judgment to be entered and determined that pursuant to the court's prior opinion concluding that plaintiff's entries may qualify for relief under 19 U.S.C. § 1520, judgment should enter for plaintiff on the entries covered by protest numbers 4909-97-100057 and 4909-97-100058.  That is, plaintiff's first attempt to obtain a refund of overpaid Harbor Maintenance Taxes ("HMT") as to the entries covered by the "57" protest

Court No. 98-09-02814                                                                                                    Page 2

number, which would be premature if it were a true protest, is not premature as a pre-liquidation request for refund of inadvertently collected charges under 19 U.S.C. § 1520(a)(4).  The "58" protest entries are subject to reliquidation under former 19 U.S.C. § 1520(c).

The dispute now focuses on protest number 4909-97-100059.  Because the government's briefing in this matter did not clearly indicate that the entries covered by the "59" protest were the subject of a reliquidation request outside the one-year period allowed by former 19 U.S.C. § 1520(c), the court did not address this issue.  Rather, the government claimed that § 1520(c) did not apply at all.  Nonetheless, Defendant's Proposed Findings of Uncontroverted Fact, submitted with its opening brief, reflect that plaintiff's original request for reliquidation was dated August 25, 1997, more than one year after the last liquidation covered by the "59" protest.  Thus, it was administratively time-barred.  Plaintiff does not dispute the accuracy of relevant dates asserted by the defendant.  Instead, it argues that the court's prior opinion requires that judgment be granted on the "59" protest.

As judgment has not been entered, it is permissible for both parties to clarify their positions.  Accordingly, judgment will be entered on the first two protests in favor of plaintiff, because this is proper under 19 U.S.C. § 1520, and judgment will be denied as to the last protest, as this is also the proper course under § 1520.

                                                                          /s/ Jane A. Restani
                                                                            Jane A. Restani
                                                                            Chief Judge

Dated this 28th day of December, 2007.
New York, New York.

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ESSO STANDARD OIL CO. (PR), : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Before: Jane A. Restani, Chief Judge |
| : | |
| UNITED STATES, : | Court No. 98-09-02814 |
| : | |
| Defendant. : | |

## **JUDGMENT**

Upon reading the parties' moving papers for summary judgment and other papers in this proceeding, and upon due deliberation, it is hereby ORDERED that plaintiff's motion for summary judgment is granted with respect to protest numbers 4909-97-100057 and 4909-97-100058, ORDERED that refund shall be made of Harbor Maintenance Taxes paid on the entries covered by such protests, ORDERED that any refunds payable by reason of this judgment are to be paid with interest as provided for by law, and ORDERED judgment is awarded to defendant as to protest number 4909-97-100059.

                                                                                 /s/ Jane A. Restani
                                                                                     Jane A. Restani
                                                                                     Chief Judge

Dated this 28th day of December, 2007.
New York, New York.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                        Deputy Clerk